# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BECKWITH, | ) | |
| | ) | |
| plaintiff, | ) | No.    02 C 3420 |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| LOU DANIELSON, Chicago Police Officer, | ) | Magistrate Judge Levin |
| DAVID SPELICH, Chicago Police Officer, | ) | |
| CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| defendants. | ) | |

## NOTICE OF FILING and CERTIFICATE OF SERVICE

**F I L E D**

**JUL 2 2 2002**

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

To:    ANTHONY PINELLI
       THOMAS M. BREEN
       53 West Jackson Blvd
       Suite 1460
       Chicago, IL 60604

PLEASE TAKE NOTICE that on July 22, 2002, the City of Chicago will file its Answer, Defenses and Jury Demand with the clerk of the above-captioned court. A copy of that document is herewith served upon you.

I hereby certify that I have caused a copy of this notice and the attached document to be served on the persons to whom it is addressed by hand delivery at the address shown above on July 22, 2002.

30 North LaSalle Street
Suite 900
Chicago, Illinois 60602
(312) 744-6919

SHARON BALDWIN
Senior Counsel

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DANIEL BECKWITH, )
)
          plaintiff, )    No.   02 C 3420
)
          v. )    JUDGE GETTLEMAN
)
LOU DANIELSON, Chicago Police Officer, )    Magistrate Judge Levin
DAVID SPELICH, Chicago Police Officer, )
CITY OF CHICAGO, )    JURY DEMAND
)
          defendants. )

**FILED**

**JUL 2 2 2002**

MICHAEL W. DOBBINS
U.S. DISTRICT COURT

**CITY OF CHICAGO'S ANSWER, DEFENSES,
AND JURY DEMAND**

Defendant City of Chicago, by its attorney Mara S. Georges, Corporation Counsel,

answers the complaint as follows:

**Jurisdiction & Venue**

1.     The jurisdiction of the court is invoked pursuant to the Civil Rights Act 42
U.S.C. Sec. 1983 and the Constitution of the United States.

        **Answer**:    The City admits that this court has jurisdiction of this action

                 pursuant to 28 U.S.C. §§ 1331 and 1343.

2.     All acts described herein occurred in the City of Chicago, County of Cook,
State of Illinois, and venue in the Northern District of Illinois, Eastern Division, is
appropriate.

        **Answer**:    The City admits that plaintiff was arrested in Chicago, Illinois

                 and that venue is correct in this district.  The City is without

                 sufficient information to form a belief as to whether "the acts

                 described herein" occurred at all.

**Parties**

3.    Plaintiff Beckwith is a resident of Chicago, Illinois.

**Answer:**    The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 3.

4.    Defendants Danielson and Spelich are employed as Chicago police officers by the City of Chicago.

**Answer:**    The City admits the allegations of paragraph 4.

### Facts

5.    On April 4, 2001 Beckwith went to the Chicago Police Station located at 3600 N. Halsted Street, Chicago, Illinois.

**Answer:**    The City admits the allegations of paragraph 5.

6.    Beckwith went to that station to inquire regarding his friend, Chris Loughlin, who had been arrested earlier that day.

**Answer:**    The City admits the allegations of paragraph 6.

7.    Beckwith inquired of officers at the police station regarding Loughlin and was told to leave.

**Answer:**    Sergeant Danielson reported the circumstances of plaintiff's

arrest as follows: "Sub[ject] placed under arrest after

sub[ject] along with co-arrestee Lichtenstein entered 023

[23rd District] station and attempted to enter processing area

where sub[ject] Loughlin was being held. [Reporting

sergeant and reporting officer] ordered sub[ject] to leave the

station and sug[ject] refused.  sub[ject]'s actions disrupted

the desk personnel activity as well as the processing of

Loughlin. [Reporting sergeant] placed Beckwith under arrest

2

at which time Beckwith resisted [reporting sergeant's]

attempts to place sub[ject] into custody.  Beckwith pulled

away from [reporting sergeant] attempt to defeat arrest.  As

sub[ject] attempted to pull away from [reporting sergeant] a

struggle ensued in which minimal force was used to gain

control of offender." The City is without sufficient information

to form a belief as to the truth of the allegations of paragraph

7.

8.      When Beckwith declined to leave, he was physically pushed down by the officers, Danielson and Spelich, and suffered physical injuries.

**Answer:**      The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 8.

9.      Beckwith was then told by officers Danielson and Spelich that he was under arrest, and he was taken into the police station and charged with criminal trespass to property and resisting arrest.

**Answer:**      The denies that plaintiff was "taken into the police station" as

he was already in the police station when arrested.  The City

admits the remaining allegations of paragraph 9.

10.      Beckwith was held in custody until he was released on bond the next day.

**Answer:**      The City admits the allegations of paragraph 10.

11.      The criminal charge against Beckwith were subsequently dismissed in the Circuit Court of Cook County, Illinois.

**Answer:**      The City denies that the charges against Beckwith were

dismissed and states that they were stricken from the docket

3

with leave to reinstate.

12.    As a direct and proximate result of the force used by defendants, Beckwith suffered physical injury, pain and suffering, emotional distress and loss of liberty.

> **Answer:**    The City is without sufficient information to form a belief as
>
> to the truth of the allegations of paragraph 12.

13.    As a direct and proximate result of his arrest and confinement, Beckwith suffered emotional distress, loss of liberty and pain and suffering.

> **Answer:**    The City is without sufficient information to form a belief as
>
> to the truth of the allegations of paragraph 13.

## COUNT I
### Claim for Excessive Use of Force in Violation of the Fourth Amendment Under 42 U.S.C. 1983

14.    Plaintiff hereby restates and realleges paragraphs 1-13 above.

> **Answer:**    The City is without sufficient information to form a belief as
>
> to the truth of the allegations of paragraph 14.

15.    The acts of Defendants Danielson and Spelich in striking and pushing Beckwith to the ground constituted excessive and illegal force in violation of the Fourth Amendment to the United States Constitution.

> **Answer:**    The City is without sufficient information to form a belief as
>
> to the truth of the allegations of paragraph 15.

16.    That as a direct and proximate cause of the above actions, Beckwith suffered damages.

> **Answer:**    The City is without sufficient information to form a belief as
>
> to the truth of the allegations of paragraph 16.

## COUNT II
### Arrest Without Probable Cause in Violation of the Fourth Amendment

17.     Plaintiff hereby restates and realleges paragraphs 1-13 above.

**Answer:**     The City repeats its answers to paragraphs 1 through 13.

18.     On April 4, 2001 when defendants arrested Beckwith they did not have a warrant for his arrest.

**Answer:**     The City admits the allegations of paragraph 18.

19.     On April45, 2001 when defendants arrested Beckwith he had not violated any law of the State of Illinois or ordinance of the City of Chicago.

**Answer:**     The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 19.

20.     On April 5, 2002 when defendants arrested Beckwith they lacked probable cause to believe that he had committed a crime.

**Answer:**     The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 20.

21.     The arrest of Beckwith constituted an unreasonable arrest and seizure under the Fourth Amendment to the United States Constitution.

**Answer:**     The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 21.

22.     As a direct and proximate result of Beckwith's arrest he suffered damages.

**Answer:**     The City is without sufficient information to form a belief as

to the truth of the allegations of paragraph 22.

## COUNT III
### Claim Against City of Chicago Under 745 ILCS 10/9-102

23.     Plaintiff hereby reincorporates paragraphs 1-22 above.

**Answer:**     The City repeats its answers to paragraphs 1-22.

5

24.    At all times relevant to this complaint defendant City of Chicago was a local public entity as defined by 745 ILCS 10/9 -102.

**Answer:**    The City admits the allegations of paragraph 24.

25.    At all times relevant to this complaint, defendants Danielson and Spelich were employees of the City of Chicago acting within the scope of their employment.

**Answer:**    The City admits the allegations of paragraph 25.

26.    Pursuant to 745 ILCS 10/9-102 Defendant City of Chicago is required to indemnify Danielson and Spelich for any compensatory damages awarded by the court in this matter.

**Answer:**    The City denies that this is a correct statement of the la.

745 ILCS 10/9-102 provides that a local public entity is

"empowered and directed to pay" any judgment for

compensatory damages awarded against an employee for

acts within the scope of his employment.

WHEREFORE, the City of Chicago demands judgment in its favor, together with

its costs.

MARA S. GEORGES,
CORPORATION COUNSEL
CITY OF CHICAGO

By:    SHARON BALDWIN
Assistant Corporation Counsel

30 N. LaSalle St., Suite 900
Chicago, Illinois 60602
(312) 744-6919

6