IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL BECKWITH, | ) | |
| | ) | |
| plaintiff, | ) | No.   02 C 3420 |
| | ) | |
| v. | ) | JUDGE GETTLEMAN |
| | ) | |
| LOU DANIELSON, Chicago Police Officer, | ) | Magistrate Judge Levin |
| DAVID SPELICH, Chicago Police Officer, | ) | |
| CITY OF CHICAGO, | ) | JURY DEMAND |
| | ) | |
| defendants. | ) | |

**FILED** OCT 17 2002
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**DOCKETED** OCT 18 2002

### DEFENDANTS DANIELSON AND SPELICH'S ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSE AND JURY DEMAND

Defendants, Chicago Police Officers Lou Danielson and David Spelich, (collectively referred to as "Defendant Officers"), by one of their attorneys, Stacy A. Benjamin, Assistant Corporation Counsel, hereby submit their answer to Plaintiff's Amended Complaint, affirmative defenses, Fed. R. Civ. P. 12(b)(6) defense, and jury demand to as follows:

#### Jurisdiction & Venue

1.   The jurisdiction of the court is invoked pursuant to the Civil Rights Act 42 U.S.C. Sec. 1983 and the Constitution of the United States.

**Answer:**   Defendant Officers admit that this court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1343.

2.   All acts described herein occurred in the City of Chicago, County of Cook, State of Illinois, and venue in the Northern District of Illinois, Eastern Division, is appropriate.

**Answer:**   Defendant Officers admits that plaintiff was arrested in Chicago, Illinois and that venue is correct in this district. Defendant Officers deny the remaining allegations in this paragraph.

16

## Parties

3. Plaintiff Beckwith is a resident of Chicago, Illinois.

**Answer:** Defendant Officers admit, upon information and belief, the allegations of paragraph 3.

4. Defendants Danielson and Spelich are employed as Chicago police officers by the City of Chicago.

**Answer:** Defendant Officers admit the allegations of paragraph 4.

## Facts

5. On April 4, 2001 Beckwith went to the Chicago Police Station located at 3600 N. Halsted Street, Chicago, Illinois.

**Answer:** Defendant Officers admit the allegations of paragraph 5.

6. Beckwith went to that station to inquire regarding his friend, Chris Loughlin, who had been arrested earlier that day.

**Answer:** Defendant Officers admit the allegations of paragraph 6.

7. Beckwith inquired of officers at the police station regarding Loughlin and was told to leave.

**Answer:** Defendant Officers admit the allegations of paragraph 7, but in clarification further state that Plaintiff's "inquiry" was made several times and was in the form of screaming and creating a disturbance in the station.

8. When Beckwith declined to leave, he was physically pushed down by the officers, Danielson and Spelich, and suffered physical injuries.

**Answer:** Defendant Officers deny the allegations of paragraph 8.

9. Beckwith was then told by officers Danielson and Spelich that he was under arrest, and he was taken into the police station and charged with criminal trespass to property and resisting arrest.

**Answer:** Defendant Officers deny that plaintiff was "taken into the police station" as he

2

was already in the police station when arrested. Defendant Officers admit the remaining allegations of paragraph 9.

10. Beckwith was held in custody until he was released on bond the next day.

**Answer:** Defendant Officers admit the allegations of paragraph 10.

11. The criminal charge against Beckwith were subsequently dismissed in the Circuit Court of Cook County, Illinois.

**Answer:** Defendant Officers deny that the charges against Beckwith were dismissed and state that upon information and belief, the charges were stricken from the docket with leave to reinstate (SOL).

12. As a direct and proximate result of the force used by defendants, Beckwith suffered physical injury, pain and suffering, emotional distress and loss of liberty.

**Answer:** Defendant Officers deny the allegations of paragraph 12.

13. As a direct and proximate result of his arrest and confinement, Beckwith suffered emotional distress, loss of liberty and pain and suffering.

**Answer:** Defendant Officers deny the allegations of paragraph 13.

## COUNT I
### Claim for Excessive Use of Force in Violation of the Fourth Amendment Under 42 U.S.C. 1983

14. Plaintiff hereby restates and realleges paragraphs 1-13 above.

**Answer:** Defendant Officers restate their answers to paragraphs 1- 13 as if fully set forth herein.

15. The acts of Defendants Danielson and Spelich in striking and pushing Beckwith to the ground constituted excessive and illegal force in violation of the Fourth Amendment to the United States Constitution.

**Answer:** Defendant Officers deny the allegations of paragraph 15.

16. That as a direct and proximate cause of the above actions, Beckwith suffered damages.

3

**Answer:** Defendant Officers deny the allegations of paragraph 16.

WHEREFORE, Defendant Officers pray that this Court dismiss Count I of Plaintiff's Complaint with prejudice and award costs and other relief that this Court deems just and proper.

## COUNT II
### Arrest Without Probable Cause in Violation of the Fourth Amendment

17. Plaintiff hereby restates and realleges paragraphs 1-13 above.

**Answer:** Defendant Officers restate their answers to paragraphs 1-13 as if fully set forth herein.

18. On April 4, 2001 when defendants arrested Beckwith they did not have a warrant for his arrest.

**Answer:** Defendant Officers admit the allegations of paragraph 18.

19. On April 5,[sic] 2001 when defendants arrested Beckwith he had not violated any law of the State of Illinois or ordinance of the City of Chicago.

**Answer:** Defendant Officers deny that Plaintiff was arrested on April 5, 2001, however, in further answering, assuming Plaintiff is referring to his arrest on April 4, 2001 in this paragraph, Defendant Officers deny the allegations of paragraph 19.

20. On April 5, [sic]2002 when defendants arrested Beckwith they lacked probable cause to believe that he had committed a crime.

**Answer:** Defendant Officers deny that Plaintiff was arrested on April 5, 2001, however, in further answering, assuming Plaintiff is referring to his arrest on April 4, 2001 in this paragraph, Defendant Officers deny the allegations of paragraph 20.

21. The arrest of Beckwith constituted an unreasonable arrest and seizure under the Fourth Amendment to the United States Constitution.

**Answer:** Defendant Officers deny the allegations of paragraph 21.

22. As a direct and proximate result of Beckwith's arrest he suffered damages.

**Answer:** Defendant Officers deny the allegations of paragraph 22.

WHEREFORE, Defendant Officers pray that this Court dismiss Count II of Plaintiff's Complaint with prejudice and award costs and other relief that this Court deems just and proper.

### COUNT III
### Claim Against City of Chicago Under 745 ILCS 10/9-102

As Count III is not directed at Defendant Officers, they make no response.

### AFFIRMATIVE DEFENSES

1. Defendant Police Officers are government officials, who perform discretionary functions. At all times material to the events alleged in Plaintiffs' Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Police Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Police Officers possessed. Defendant Police Officers, therefore, are entitled to qualified immunity on Plaintiff's federal claims alleged in Counts I and II.

### 12(b)(6) DEFENSE:

1. An award of punitive damages would deprive defendants of due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution where:

(a) liability for punitive damages has not been proven beyond a reasonable doubt, or at least by clear and convincing evidence;

(b) the award of punitive damages is disproportionate to actual damages.

WHEREFORE, based upon the forgoing, Defendants Lou Danielson and David Spelich respectfully request that this Court grant judgment in their favor and against Plaintiff, award such fees and costs as allowed by law and such other relief as this Court deems appropriate and just.

### JURY DEMAND

5

Defendants Danielson and Spelich respectfully demand a trial by jury of this cause.

Respectfully submitted,

STACY A. BENJAMIN
Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 742-5146
(312) 744-6566 (FAX)
ATTY. NO. 06255621

## CERTIFICATE OF SERVICE

I hereby certify that I have caused true and correct copies of the above and foregoing **NOTICE OF AGREED MOTION, and DEFENDANTS DANIELSON AND SPELICH'S AGREED MOTION FOR LEAVE TO FILE THEIR ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND JURY DEMAND INSTANTER** to be MAILED to the person named in the foregoing Notice at the address therein shown, on this 2nd day of October, 2002.

STACY A. BENJAMIN